Federal Corporation *v.* Dettelbach, (et ux., Appellant), et al.

Argued November 12, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*D. Arthur Magaziner,* of *Mayer, Magaziner & Brunswick,* for appellant.

*Ernest N. Votaw,* with him *Conard & Middleton,* for appellee.

OPINION BY CUNNINGHAM, J., January 29, 1937:

The action below was assumpsit against A. Dettelbach, Jr., Regina M. Dettelbach, his wife, and Robert L. Wallerstein, upon a "Mortgage Loan Extension Agreement" to recover a balance of $1788.92, with interest; Wallerstein was not served, and judgment for want of a sufficient affidavit of defense was entered against A. Dettelbach, Jr. The case proceeded against Regina M. Dettelbach before LEWIS, J., sitting without a jury, and resulted in a finding against her for the amount claimed. The court, in banc, denied her motion for judgment n. o. v. and she has appealed from the judgment entered upon the finding. The facts out of which the litigation arose are not in controversy. On July 18, 1927, appellant's husband and Wallerstein became the owners of certain real estate at Nos. 206-8 N. 29th Street, Richmond, Va. On December 15, 1927, they executed a note for $3,500, payable to bearer at Union Bank and Federal Trust Company, Richmond, Va., on December 15, 1930, and also executed six notes for the semi-annual interest upon the principal note, all of which were delivered to The Federal Corporation, of Richmond, Va., appellee herein. These notes were secured by a deed of trust, likewise dated December 15, 1927. It was signed not only by Waller-

stein and A. Dettelbach, Jr., the makers of the notes, but also by appellant. By its terms the real estate was conveyed to L. E. Johnson and William S. D. Woods, in trust, to secure the payment of the notes. Concededly, this deed of trust was in effect a mortgage. Three hundred dollars was paid on account of the indebtedness on December 15, 1931, and a like sum on that date in 1932.

In November, 1933, appellant's husband and Wallerstein requested an extension of time for the payment of the $2,900 then due and were advised by appellee's secretary that an extension would be granted "on the one year basis only, requiring a semi-annual curtail of $100," if "the necessary extension agreement and interest notes" were executed. Under date of December 15, 1933, appellee sent counsel for Dettelbach and Wallerstein at Richmond an extension agreement in duplicate, "for execution by Mr. A. Dettelbach and wife, and Robert L. Wallerstein, and wife, if now married"; and advised that upon execution thereof and of two interest notes, also enclosed, the agreement would be accepted, and executed by appellee and a copy returned "for delivery to the makers." The interest notes were for $87.00 and $84.00, respectively, both dated December 15, 1933, and payable June and December 15, 1934.

Appellant joined with her husband and Wallerstein in signing both the extension agreement and the notes at Philadelphia, Pa. These papers were forwarded by her husband to their attorney in Virginia and delivered by him in that state to appellee; it accepted and executed the agreement, retained the interest notes, and returned one copy of the agreement to the signers.

By the terms of the extension agreement, appellant, her husband, and Wallerstein, "in consideration of the premises and in further consideration of the mutual covenants [therein] contained" agreed "to pay the

principal sum remaining due as aforesaid and evidenced by said principal note, as follows: $100.00 payable June 15, 1934, $2,800.00 payable December 15, 1934, with interest, ...... as evidenced by two interest notes," etc. When default was made in the payment of the installment of $100. due in June 1934, the entire amount of the indebtedness became due and payable under the terms of the agreement, and the property was sold under foreclosure proceedings in November 1934,—the amount realized being $1,111.08, leaving a balance due of $1,788.92, for which the present suit was brought.

The main defense interposed by appellant, in the affidavit filed by her and on behalf of her husband, was that as the extension agreement was executed in Philadelphia, where appellant and her husband have resided since September, 1929, it must be construed in accordance with the law of Pennsylvania, under which she was entitled to set up her incapacity, as a married woman, to become an accommodation surety for third parties. The appellee had averred in its statement of claim that under Section 5134 of the Virginia Code of 1930, (pleaded in the statement) the common law incapacity of a married woman to become accommodation surety for another had been removed and that the rights of the parties to the extension agreement were determinable under the laws of Virginia. As the agreement related to real estate located in Virginia, and was delivered, accepted, and to be performed, in that state, the court below properly ruled against her upon that question and that branch of her defense was frankly abandoned by her counsel upon this appeal.

It is argued, however, that her signature to the original deed of trust, or mortgage, was required merely for the purpose of barring her dower interest in the real estate, and that nothing more than this was intended when the subsequent papers were executed.

But it must be borne in mind that the granting of the extension was of distinct advantage to Wallerstein and her husband and that it was granted upon the condition that the agreement be executed by appellant, as well as her husband, and by Wallerstein's wife, if he had one. Moreover, its plain terms were that in consideration of its recitals, which included the request for the postponement and extension of the time for payment of the balance due upon the principal note, the parties signing the agreement expressly agreed to pay that balance upon the date specified.

As we understand appellant's present contention, she concedes that if she assumed any personal liability by signing the extension agreement she had capacity so to do, but she insists she did not intend to, and did not in fact, assume such liability thereunder, but was made a party thereto solely because it was necessary to release her dower interest in her husband's property.

The difficulty with this argument is that it goes in the face of the plain language of the agreement. It recites that it was made between appellee on the one hand, and Dettelbach, appellant and Wallerstein on the other. It recites the original notes and the execution of the deed of trust and the fact that a balance of the principal was then due and owing. It states, as does the usual extension agreement, that the parties of the first part have requested the extension of the time for payment. In view of these premises it recites, as above stated, that "it is mutually agreed between the parties hereto that the said parties of the first part hereby agree to pay the principal sum remaining due as aforesaid and evidenced by said principal note." It also contains a covenant by the parties that upon default in the payment of any principal or interest, the entire balance should at once become due and payable. There is nothing in the agreement which sug-

gests in any way that appellant did not thereby enter into a direct undertaking to pay the obligation.

We are asked to negative this liability on the ground that the situation of the parties, the subject-matter of the agreement and the prior correspondence show an intention that appellant should not assume personal liability. In support of this argument it is pointed out that appellant was not a signatory to the original note given by Dettelbach and Wallerstein in 1927. It is also pointed out that she was not a title holder to any share in the real estate which was pledged as security for the original loan. From these two facts we are asked to infer that the intention of the parties in requiring appellant's signature to the extension agreement was merely to bind her dower interest, as was done in the case of the deed of trust.

What makes this argument unsound is the fact that the conclusion we are asked to draw is not a necessary inference. It may be possible that appellant was required to sign the agreement only because she was the wife of Dettelbach. On the other hand, it is equally probable that her signature was required in order that the appellee might obtain additional security for the balance of its loan. It is by no means uncommon to find an extension agreement executed by a party or parties other than the original borrowers. The agreement contains no language which would suggest a limitation of liability, although such language might easily have been included. On the contrary, appellant was asked to and did sign not only the agreement but also a new set of interest notes, a requirement which would have been totally unnecessary if release of her dower interest were the only matter required by appellee.

This latter factor suggests, if any thing, an inference in favor of the liability asserted. Apart from it, however, we are in any event required to abide by the

plain words of the agreement itself, under which appellant accepted a primary obligation for the payment of the debt. The pleadings contain no averments of fraud, accident or mistake. The record before us contains nothing to vary the words of the contract. It consists only of the documents in suit, together with the correspondence between appellee and the attorney for the borrowers, relating to the extension. This correspondence likewise contains no suggestion that appellant was not intended to be personally liable under the contract.

Under these circumstances, we may not indulge in speculation as to the motives of the parties concerned. To do so would destroy the value of written contracts.

Judgment affirmed.